UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS MARSH,

               Plaintiff,                           Civil No. 08-385-HA

               v.                               OPINION AND ORDER

COMMISSIONER of Social Security,

               Defendant.

_____

HAGGERTY, District Judge:

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act (the

Act).  Plaintiff requests judicial review of a decision by the Commissioner of the Social Security

Administration (SSA) denying his application for disability insurance benefits (DIB).  He seeks

an order reversing the Commissioner's decision and remanding this case for an award of benefits.

This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).  After reviewing the

record of this case and evaluating counsel's arguments, this court concludes that the decision of

the Commissioner is supported by substantial evidence and that the Commissioner applied the

proper legal standards.

**<u>ADMINISTRATIVE HISTORY</u>**

1   - OPINION AND ORDER

Plaintiff protectively filed his applications for DIB benefits on October 3, 2005. Tr. 16, 68-73.[1] Plaintiff's applications were denied initially and upon reconsideration. An administrative law judge (ALJ) conducted a hearing, and on July 27, 2007, the ALJ issued a decision finding that a significant number of jobs existed in the national economy that plaintiff could perform in light of his residual functional capacity (RFC). Tr. 13-28. Plaintiff was found not disabled within the meaning of the Act. The Appeals Council denied plaintiff's request for review, rendering the ALJ's conclusions the Commissioner's final decision for purposes of obtaining this judicial review.

## FACTUAL BACKGROUND

Plaintiff was born in September 1961. He completed high school and served in the United States Air Force from 1981 until May 2001. Tr. 68, 81. Plaintiff's past employment included work as a warehouse and delivery worker, courtesy clerk, cable installer, and aircraft maintenance crew chief. Tr. 76, 803.

Plaintiff receives medical care through the Department of Veterans Affairs (VA). The VA has assigned plaintiff disability ratings of forty percent for degenerative joint disease of the lumbar spine, thirty percent for degenerative joint and disc disease of the cervical spine, and fifty percent for post-traumatic stress disorder (PSTD). Tr. 112. Records indicate that plaintiff reported pain issues before and after he left active duty in the Air Force, and before he stopped working in September 2005. Plaintiff suffered two discrete injuries; he once fell eight feet from an aircraft, and once suffered an accidental gunshot injury to his right hip. Tr. 230, 239.

---

1    Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

Plaintiff also developed a depressive disorder.  Doctor James Johnson, Psy.D., evaluated plaintiff in 2003 and concluded that plaintiff "may have developed a history of anxiety/worry as well as some difficulty relaxing and handling multitask requirements capably."  Tr. 244.  Doctor Johnson diagnosed an "adjustment disorder" and estimated plaintiff's global assessment of functioning (GAF) score at 60.  That score indicates moderate symptoms or impairment.  *See* American Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders 34 (4th ed. Text Rev.  2000) (DSM-IV-TR.).

Other details regarding plaintiff's history and health status will be addressed below as necessary to this court's ruling.

## STANDARDS

To establish an eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A) (2006).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to step two and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If

3  - OPINION AND ORDER

the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. §

404.1520(c).

If at least some of the claimant's impairments are severe, the Commissioner proceeds to

the third step to determine whether the impairment is equivalent to one or more impairments that

the Commissioner has recognized to be so severe that they are presumed to preclude SGA.  *See*

20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing

of Impairments or the Listings).

The Listings describe, for each of the major body systems, impairments which qualify as

severe enough to be construed as *per se* disabling.  20 C.F.R. §§ 404.1525, 416.925; *Tackett v.*

*Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).  The claimant has the burden of producing medical

evidence that establishes all of the requisite medical findings.  *Burch v. Barnhart*, 400 F.3d 676,

683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).  If the claimant's condition

meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be

disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner

determines the claimant's RFC, which is the most an individual could do in a work setting

despite the total limiting effects of all the claimant's impairments.  20 C.F.R. §§ 404.1545(a)(1),

416.945(a)(1) and Social Security Ruling (SSR) 96-8p.

Then the Commissioner proceeds to the fourth step to determine whether the impairment

prevents the claimant from engaging in work that the claimant has performed in the past.  If the

claimant is able to perform his or her former work, a finding of "not disabled" is made and

disability benefits are denied.  *See* 20 C.F.R. § 404.1520(e).

4  - OPINION AND ORDER

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step to determine if the claimant can perform other

work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof as to steps one through four.  Accordingly, the claimant bears the initial burden of

establishing his or her disability.

However, in step five, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

RFC, age, education, and work experience.  *Hoopai*, 499 F.3d at 1074-75 (citations omitted).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act.  *See* 20 C.F.R. § 404.1520(f)(1).  If the

Commissioner meets this burden, the claimant is deemed not disabled for purposes of

determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. §

405(g); *Tackett*, 180 F.3d at 1097-98 (citations omitted); *Andrews v. Shalala*, 53 F.3d 1035, 1039

(9th Cir. 1995) (citations omitted).  Substantial evidence is "more than a mere scintilla but less

than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate

to support a conclusion."  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citations and

quotations omitted).  This court must uphold the Commissioner's denial of benefits even if the

evidence is susceptible to more than one rational interpretation, as long as one of the

interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098 (quotation and citation omitted). The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998) (citations omitted).

A decision to deny benefits may be set aside only if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton*, 331 F.3d at 1035.

## SUMMARY OF THE ALJ'S FINDINGS

At step one of the sequential analysis, the ALJ found that plaintiff had met insured status requirements through December 2009, and had not engaged in SGA at any time relevant to his application for benefits. Tr. 18, Findings 1-2.

At step two, the ALJ found that plaintiff suffered from the following severe impairments: mild degenerative disc disease of the cervical and lumbar spine without spinal stenosis; myofascial pain syndrome; chronic pain syndrome; history of gunshot wound with retained bullet fragment; dysthymia/depression related to chronic pain; and possible post-traumatic stress disorder (PTSD). Tr. 18, Finding 3.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment in the Listing of Impairments. Tr. 20, Finding 4. The ALJ determined that plaintiff had the RFC to lift and carry ten pounds frequently and twenty pounds

occasionally and to sit, stand and/or walk each up to six hours in an eight-hour day. Plaintiff

needs an opportunity to change positions throughout the workday. He cannot climb ladders or

use scaffolds. He should not be exposed to dangerous hazards or extreme cold or dampness. He

can stand on concrete or similar surfaces for only one hour without interruption. He can

occasionally stoop, crouch, crawl, kneel, and reach overhead. He cannot consistently follow

detailed or complex instructions and cannot interact more than occasionally or superficially with

the public. Tr. 21, Finding 5.

At step four, the ALJ found that plaintiff was not able to perform his past relevant work.

Tr. 26, Finding 6.

At step five, the ALJ found that in light of plaintiff's RFC, plaintiff could perform work

existing in significant numbers in the national economy. The ALJ relied upon testimony from a

Vocational Expert (VE) that suggested plaintiff could work as a bindery machine feeder, laundry

sorter and folding machine operator. Tr. 27. Accordingly, the ALJ was compelled to conclude

that plaintiff was not eligible for disability benefits.

## QUESTION PRESENTED

Plaintiff contends that this court should reverse the Commissioner's final decision and

remand this action for an award of benefits. Plaintiff's primary arguments are that (1) the ALJ

improperly rejected the disability determination rendered by the VA; (2) the ALJ improperly

found plaintiff less than credible; (3) the ALJ erred in the evaluation of plaintiff's fibromyalgia;

(4) the ALJ improperly rejected the opinions of plaintiff's lay witnesses; (5) the ALJ failed to

adequately consider medication side effects; and (6) the ALJ's analysis at step five was erroneous

and his RFC findings were inadequate.

**DISCUSSION**

1.    **VA Disability**

As summarized above, the VA assigned plaintiff disability ratings of forty percent for degenerative joint disease of the lumbar spine, thirty percent for degenerative joint and disc disease of the cervical spine, and fifty percent for PTSD.  Tr. 112.

An ALJ must typically give great weight to a VA determination of disability.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  Such VA determinations are not binding, however, because the criteria used by the VA and SSA for determining disability are not identical.  *McCartey*, 298 F.3d at 1076.  *See also* 20 C.F.R. § 404.1504.  If the ALJ elects to give less weight to the VA determination, the ALJ must give persuasive, specific, valid reasons for doing so that are supported by the record.  *McCartey*, 298 F.3d at 1076.

Plaintiff argues that the ALJ failed to provide persuasive, specific, valid reasons for discounting the VA disability determinations in this action.  Reply at 1-3.  This court disagrees.

In evaluating the VA ratings, the ALJ expressed explicitly that "the VA psychiatrist did not reconcile the claimant's contradictory reports," and that his report consisted of "claimant's unsupported self-reports" and lacked the insights available from "prior actual VA records revealing the claimant's wildly inconsistent reports and his valid formal tests establishing he had no deficits in concentration, attention or memory." Tr. 22-23.  Moreover, the VA evaluations "heavily relied on the claimant's allegations, which are not credible," and failed to take into account plaintiff's "congruent competitive work" and "functional levels." Tr. 23.

These are persuasive, specific, and valid reasons for discounting the VA determinations. Plaintiff's arguments to the contrary have been considered and are denied.

8   - OPINION AND ORDER

2.      **Plaintiff's credibility**

Plaintiff argues that the ALJ erred in evaluating plaintiff's credibility.  An ALJ need not believe every allegation of disabling pain or functional limitation advanced by a claimant.  *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995).  In determining a plaintiff's credibility, an ALJ should consider "ordinary techniques of credibility evaluation," including plaintiff's reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid."  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *see also Light v. Commissioner*, 119 F.3d 789, 792 (9th Cir. 1997).  The ALJ also may consider a claimant's work record and the observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms.  *Id*.

Under *Smolen* and its progeny, a two-step analysis applies at the administrative level when considering a claimant's subjective credibility.  *Smolen*, 80 F.3d at 1281.  First, the claimant must produce objective medical evidence of an impairment and show that the impairment could reasonably be expected to produce some degree of symptom.  *Id*. at 1281-82. Even partial support from the medical evidence is sufficient.  In the absence of evidence of malingering, an ALJ can reject the claimant's testimony about the severity of symptoms "only by offering specific, clear and convincing reasons for doing so."  *Smolen*, 80 F.3d at 1281; *see also* SSR 96-7p (stating that an ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

Moreover, a claimant's statements cannot be rejected solely because the testimony is viewed as unsubstantiated by the available objective medical evidence. 20 C.F. R.§§ 404.1529(c)(2); 416. 929(c)(2).

Counsel for plaintiff argues that the ALJ improperly rejected plaintiff's testimony by failing to provide clear and convincing reasons for doing so. Counsel asserts that the ALJ's reasons ignored the "nature of PTSD" and failed to acknowledge that PTSD victims "often are reluctant to discuss the specific details of the traumatic events leading to their illness." Reply at 3-4.

The ALJ examined plaintiff's medical record closely to support the conclusion that plaintiff's claims of depression related to chronic pain and possible PTSD were likely unfounded. Tr. 25. The ALJ's reliance upon myriad inconsistencies in plaintiff's medical record regarding his reports of PTSD was proper. *See* SSR 96-7p. Contrary to counsel's rationalizations, plaintiff was not reluctant to discuss details of events leading to his alleged impairment. Rather, the ALJ scrutinized the record to determine that plaintiff was willing to alter and amend his reports as he modified his PTSD claims. Tr. 23-25. In evaluating plaintiff's credibility, the ALJ properly noted plaintiff's "wildly inconsistent reports" and referred to the extent to which various medical personnel attempted to characterize and verify plaintiff's claims. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

The ALJ also properly referred to plaintiff's various activities when evaluating his testimony regarding his limitations. Counsel for defendant acknowledges that each of these activities singularly is not inconsistent with plaintiff's claimed limitations, but correctly asserts that the ALJ was nevertheless entitled to view those activities collectively when evaluating

10 - OPINION AND ORDER

plaintiff's credibility. An ALJ may properly rely on inconsistencies between a claimant's testimony and the claimant's conduct and daily activities. *See, e.g.*, *Thomas*, 278 F.3d at 958-59 (citation omitted); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) (making a specific finding that a claimant is able to spend a substantial part of the day engaged in pursuits involving the performance of physical functions that are transferable to a work setting may be sufficient to discredit a claimant's allegations of pain).

An ALJ also may consider "[t]reatment, other than medication;" "[f]unctional restrictions;" "[t]he claimant's daily activities;" "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment;" and "ordinary techniques of credibility evaluation" in assessing the credibility of the allegedly disabling subjective symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *see also* SSR 96-7p; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (holding it is proper to rely on plaintiff's daily activities and consider conflicts between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (proper to rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (proper to rely on the fact that only conservative treatment had been prescribed or followed); *Orteza*, 50 F.3d at 750 (proper to rely in part upon claimant's daily activities).

These and other reasons cited by the ALJ for viewing plaintiff's credibility as diminished, and the careful analysis provided by the ALJ regarding the evidence of plaintiff's capacities to engage in activities, Tr. 23-26, were supported by substantial evidence in the record and were of

clear and convincing force.  Accordingly, despite plaintiff's differing view of the evidence,

plaintiff's assignment of error regarding the ALJ's credibility determination is rejected.

    3.    **Plaintiff's fibromyalgia**

    Before addressing plaintiff's medical record, the ALJ noted that one "evaluating

rheumatologist at the Veteran's Administration gave the impression that the claimant has

fibromyalgia."  Tr. 18.  The ALJ proceeded to "discuss[] the generally accepted diagnostic

criteria" for this impairment.  *Id*.  Counsel for both parties agree that the discussion that ensued

contained an error in summarizing the testing that confirms such diagnoses.

    However, the ALJ's analysis that plaintiff's single diagnosis for fibromyalgia was

"premature" and "not medically determinable in this case" is essentially unrelated to the ALJ's

misstatement regarding general diagnosis criteria.  The ALJ accepted that plaintiff suffered from

several severe physical impairments, including chronic pain syndrome, myofascial pain

syndrome, mild degenerative disc disease, depression related to chronic pain, and possible

PTSD.  Tr. 18.  Assuming without deciding that the ALJ's misstatement should be construed as

erroneously causing the ALJ to omit fibromyalgia from the list of severe impairments

attributable to plaintiff, such an error must be viewed as harmless.   Mistakes that are

"nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion" are

harmless error.  *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2006).  The ALJ fully

considered plaintiff's allegations of limitations and carefully examined the medical evidence

regarding those limitations.  A more exacting recitation of the criteria generally relied upon for

fibromyalgia diagnoses by the ALJ would not have affected the ALJ's full and proper

consideration of plaintiff's claims.  Plaintiff's argument that there are aspects of the disease that

would bolster his disability claims is accurate.  However, it is the lack of persuasive medical evidence to establish that plaintiff is disabled by fibromyalgia, not the ALJ's misstatement of standards, that has caused the prejudice plaintiff perceives regarding this issue.  The ALJ's error is harmless.

    **4.**    **Lay testimony**

Plaintiff argues that the ALJ improperly rejected a statement and testimony provided by plaintiff's wife and a statement from plaintiff's former employer.  The court disagrees.

Plaintiff's spouse testified that plaintiff was in pain "quite a bit," was less active than he had been when they first met, reacted poorly to stress, was 'short tempered," and could not work as a greeter at Walmart.  Tr. 798-800.  The ALJ noted that the spouse "essentially corroborated" plaintiff's testimony, and added that plaintiff had difficulty standing on concrete, balancing his checkbook, or recovering after "over-doing" some activities.  Tr. 24.  The ALJ subsequently re-acknowledged the testimony from plaintiff's spouse, recording that the spouse's testimony and a statement from the former employer were taken into consideration when making findings.  Tr. 26.  The ALJ commented that this evidence reflected selected "presentations" by plaintiff and reiterated that plaintiff's credibility was diminished.  *Id*.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented.  20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout*, 454 F.3d at 1053 (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).  Lay testimony as to a claimant's symptoms or how an impairment affects a person is considered competent evidence and cannot be disregarded without comment.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

13 - OPINION AND ORDER

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so") (citations omitted); *see also Carmickle*, 533 F.3d at 1163 (the ALJ need only provide reasons for rejecting lay testimony that are germane to the witness). Conflicts between the lay witness testimony and medical evidence constitute a germane reason for rejecting lay witness testimony. *Lewis*, 236 F.3d at 511.

Moreover, if lay testimony is controverted by the medical evidence presented, the ALJ does not err by ignoring the lay testimony. *Timmons v. Comm'r of Soc. Sec.*, 546 F. Supp. 2d 778, 795-96 (E. D. Cal. 2008) (citing *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). Silent disregard of competent lay witness testimony is harmless if the reviewing court can confidently conclude that no reasonable ALJ, when fully crediting the testimony at issue, could reach a different disability determination. *Stout*, 454 F.3d at 1056.

When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, the error is harmless if the court "can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053.

However, in cases in which plaintiff alleges impairments "such as chronic fatigue or pain (which by their very nature do not always produce clinical medical evidence), it is impossible for the court to conclude that lay witness evidence concerning the plaintiff's abilities is necessarily

controverted such that it may be properly ignored," and, in such cases, the ALJ is required to consider lay witness evidence. *Timmons*, 546 F. Supp. 2d at 796.

Here, the ALJ commented upon the lay testimony at issue, plainly considered it in the evaluation of plaintiff's eligibility for SSA benefits, and determined that the evidence was not dispositive. Testimony from plaintiff's wife was not ignored, or even rejected. The ALJ merely concluded that the evidence failed to resolve plaintiff's claims. Limitations addressed by both lay witnesses were incorporated in the hypothetical question posed to the VE. The lay testimony was evaluated properly and in accordance with all applicable standards.

**5.** **Side Effects**

Next, plaintiff contends that the ALJ improperly "failed to consider medication side effects as a possible explanation for plaintiff's perception of impaired memory." Reply at 9. Plaintiff argues that if the possibility of side effects were considered, then the ALJ's evaluation of plaintiff's credibility might have been more positive. *Id*.

This court agrees with defendant that plaintiff's medial record lacks evidence that plaintiff has suffered from side effects related to his medications. Although plaintiff's spouse testified to concerns about whether plaintiff should drive while taking medication, and there was some reference in medical records to the possible likelihood of side effects occurring, the ALJ was not required to speculate upon such concerns and possibilities, or to construe the references as indicating that plaintiff in fact suffered from side effects and that his credibility should be evaluated accordingly. There is nothing in the evidence presented that suggests that medication side effects were a distinct cause of plaintiff's "perception of impaired memory," as alleged by counsel. Reply at 9. This argument is rejected.

15 - OPINION AND ORDER

**6.      The ALJ's analysis at step five**

Finally, plaintiff argues that the ALJ erred at step five in questioning the VE.  Counsel

contends that the ALJ's hypothetical question to the VE was deficient because:

> it failed to include limitations resulting from Plaintiff's fibromyalgia; it failed to
> include appropriate limitations resulting from Plaintiff's multiple severe mental
> impairments, including Plaintiff's moderate limitations in ability to maintain
> concentration, persistence, and pace; it failed to include Plaintiff's credible
> allegations and those of the lay witnesses; it failed to consider the assessments of
> Plaintiff's treating and examining practitioners at the VA; it failed to take into
> account the VA rating decision; and it failed to include the expected side effects
> of Plaintiff's medications.

Reply at 9-10.

This assignment of error addresses arguments previously raised and rejected.  To the

extent that new arguments are raised, those arguments have been considered and they are also

rejected.

The ALJ provided hypothetical functional limitations that were supported by the RFC the

ALJ determined for plaintiff.  That RFC is supported by substantial evidence in the record, and

encompasses all of plaintiff's limitations that are indicated by that evidence.  *See Roberts v.

Shalala*, 66 F.3d 179, 184 (9th Cir. 1995) (a VE's testimony constitutes substantial evidence

when the ALJ presents the VE with a hypothetical question that is based on medical assumptions

supported by substantial evidence in the record that reflects each of the claimant's limitations,

such as in this case).

The ALJ relied on the VE's response to the hypothetical question that corresponded to the

RFC that was assessed for plaintiff.  This is what the ALJ was required to do.  *See Bowling v.

Shalala*, 36 F.3d 431, 436 (5th Cir. 1994).

16 - OPINION AND ORDER

**CONCLUSION**

After analyzing each of the arguments presented above, and the remainder of plaintiff's contentions, this court determines that the Commissioner's decision is supported by substantial evidence in the record as a whole.  A denial of benefits must be upheld even when the evidence is susceptible to more than one rational interpretation, and even when the evidence would support differing outcomes, as long as one of the interpretations supports the decision of the ALJ.

After careful consideration of the record and all of plaintiff's arguments advanced in this matter, this court is compelled to conclude that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.  Therefore, the final decision of the Commissioner regarding plaintiff Dennis Marsh is AFFIRMED.

IT IS SO ORDERED.

DATED this __16__ day of June, 2009.


　　　　　　　　　　　　___/s/ ANCER L. HAGGERTY_____
　　　　　　　　　　　　ANCER L. HAGGERTY
　　　　　　　　　　　　United States District Judge


17 - OPINION AND ORDER